IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MOORE,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>   Defendant.      / | No. C 08-0025 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; SETTING BRIEFING SCHEDULE ON DEFENDANT'S MOTION TO DISMISS** |

  Plaintiff Ernest Moore has filed a complaint and a motion for a temporary restraining order. Plaintiff's papers state that he receives Social Security Income (SSI) benefits, and that in December 2007 plaintiff received a letter informing him that his SSI benefits would be terminated in January 2008 because he had an outstanding arrest warrant. Plaintiff seeks to enjoin defendant from terminating his SSI benefits prior to conducting a "predetermination hearing."

  Defendant has filed a motion to dismiss plaintiff's action for lack of subject matter jurisdiction. Defendant has submitted evidence showing that on December 18, 2007, plaintiff filed a request for reconsideration with the agency; that on December 28, 2007, plaintiff again requested reconsideration; and that the agency has construed plaintiff's December 28, 2007 request as an appeal that is currently pending at the reconsideration level of the administrative appeals process. *See generally* Declaration of Michael Hanson. Defendant also states that SSA has determined that the continued payment provisions of 20 C.F.R. § 416.1336(b) should apply based upon plaintiff's December 18, 2007 request for reconsideration, and that as a result, SSA will continue to pay plaintiff's SSI benefits for 90 days from January 10, 2008. Hanson Decl. ¶ 9 & Ex. 2. Defendant states that SSA made a direct deposit of

plaintiff's January 2008 SSI benefits into plaintiff's bank account. *Id.* ¶ 10.

The Court finds that based upon the evidence presented, plaintiff has not shown that he is entitled to a temporary restraining order. According to the Hanson Declaration, plaintiff is currently receiving his SSI benefits, and he has 90 days from January 10, 2008, to try to establish "good cause" for continued eligibility for those benefits under the fugitive felon/parole violation provisions of the Social Security Act. *Id.* ¶ 9 & Ex. 2. Accordingly, the Court DENIES plaintiff's motion for a temporary restraining order. (Docket No. 5). The Court DENIES plaintiff's "motion to dispense with the requirement of security" as moot. (Docket No. 4).

The Court further finds that based upon the papers submitted by defendant, it appears that this Court lacks jurisdiction because plaintiff has not yet exhausted his administrative remedies under the Social Security Act. The Court informs plaintiff that this Court only has jurisdiction to review "final" decisions of the Agency, and if plaintiff is currently appealing the proposed termination of benefits within the agency, there is not a final decision for this Court to review. *See* 42 U.S.C. § 405(g) (providing for judicial review of "final decision" of Commissioner of Social Security); *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

Accordingly, if plaintiff contends that this Court does have jurisdiction over this case, plaintiff shall file an opposition brief and any supporting declarations and evidence by **January 28, 2008**, and defendant may file a reply by **February 4, 2008**. The Court will resolve defendant's motion to dismiss without a hearing. If plaintiff does not oppose defendant's motion to dismiss, plaintiff shall file a statement of non-opposition no later than **January 28, 2008**.

**IT IS SO ORDERED.**

Dated: January 16, 2008

SUSAN ILLSTON
United States District Judge