IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST MOORE,

        Plaintiff,

  v.

MICHAEL S. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

No. C 08-0025 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant has moved to dismiss this case for lack of jurisdiction. Having considered the parties' papers and exhibits, the Court GRANTS defendant's motion and DISMISSES THIS CASE WITHOUT PREJUDICE.

**BACKGROUND**[1]

Plaintiff Ernest Moore receives Supplemental Security Income ("SSI") benefits. By letter dated December 10, 2007, the Social Security Administration ("SSA") informed plaintiff that his benefits would be terminated in January 2008 because he had an outstanding arrest warrant for a parole violation issued by the Oregon Parole Board. January 10, 2008 Moore Decl. Ex. A. The letter stated that plaintiff had the opportunity to show that he had a good reason for not satisfying the outstanding warrant, and that he had 60 days in which to appeal the decision by filling out a form called a request for reconsideration. *Id.* The letter also stated that if plaintiff appealed within 10 days after receiving the

---

[1] The background is taken from documents submitted by both parties, several declarations filed by plaintiff, and the declarations of Lillian Faga and Michael Hanson.

letter, his benefits would continue unless the new decision was the same as the first decision, and SSA sent a letter in time to stop the check. *Id*.

On December 18, 2007, plaintiff submitted a request for reconsideration with SSA and a formal conference. *Id*. Ex. B. That same day, an SSA claims representative called the Oregon Parole Board and confirmed that plaintiff had an outstanding warrant for a parole violation. The underlying crimes were robbery and burglary. Hanson Decl. ¶ 6. The claims representative informed plaintiff that he would accept plaintiff's request for reconsideration but that the request would be denied because he had verified that the warrant was outstanding. *Id*. The claims representative denied the request for reconsideration and plaintiff's request for a formal conference the same day. *Id*.

In a letter dated December 18, 2007, SSA notified plaintiff that he would not receive SSI benefits because he had not established a good reason for not satisfying the outstanding arrest warrant. January 10, 2008 Moore Decl. Ex. C. The letter informed plaintiff that he had 60 days to appeal the determination by requesting reconsideration. *Id*. On December 28, 2007, plaintiff submitted another reconsideration request with SSA, which SSA construed as an appeal of the pending reconsideration request. *Id*. Ex. D; Hanson Decl. ¶ 8.

On January 10, 2008, SSA issued a notice informing plaintiff that his SSI benefits would continue for 90 days and that plaintiff had 90 days to establish good cause for eligibility under the fugitive felon/parole violation provisions of the Social Security Act. Hanson Decl. Ex. 1. On January 15, 2008, SSA issued another notice informing plaintiff that it had scheduled a conference for January 24, 2008 to allow plaintiff to present any information regarding the outstanding warrant. Faga Decl. ¶ 3. SSA records show that plaintiff requested that the conference be rescheduled to February 11, 2008. *Id*. ¶ 5. According to SSA, plaintiff did not show up for the February 11, 2008 conference. *Id*. ¶ 6. By letter dated February 26, 2008, SSA scheduled another appointment for plaintiff on March 7, 2008. *Id*. ¶ 9.

On March 7, 2008, plaintiff submitted a "Statement of Claimant or Other Person," which states,

> I submitted 2 Requests for Reconsideration, on December 18, 2007 and December 28, 2007. On each I requested a formal conference. I want a formal conference to request that Social Security issue a subpoena to the Oregon Board of Parole to produce a copy of the warrant at issue and all records related to my sentence, parole, discharge from post-prison supervision, and the termination of my sentence.

2

> I have not yet had a formal conference. Today's meeting is not a formal conference because I have not had adequate notice of when and to whom I should request a subpoena. I would like a formal conference with adequate notice of the conference and my subpoena rights and procedures.
>
> I would also like to continue to receive my benefits until I have received a decision from an evidentiary hearing, as per my constitutional rights. I am in contact with the public defenders office in Oregon and am attempting to get information about the warrant. However, I have been notified by my attorney that it typically takes more than 90 days to receive such information. Therefore 90 days is not adequate time for me to acquire the information that the Social Securit Administration is requesting.
>
> Even if the 90 day time period is legal, I should receive the check for April. SSA says that my 90 day period began January 10, 2008. Therefore, I should receive any payments that would otherwise be due to me through April 9, 2008. . . .

June 10, 2008 Moore Decl. Ex. A.

By letter dated March 31, 2008, SSA informed plaintiff that in response to his request that SSA look at his case again, SSA would hold a formal conference on April 21, 2008. *Id*. Ex. B. The letter stated that plaintiff's attorney had been notified of the conference, and that at this conference plaintiff could come by himself or bring other people to explain his case. *Id*. By letter dated April 8, 2008, plaintiff advised SSA that he would be attending the April 21, 2008 conference. *Id*. Ex. C. That letter stated, *inter alia*, that he had requested a formal conference "for purpose of requesting SSA to issue a subpoena to the Oregon Board of Parole to produce a copy of the warrant at issue and all records related to my sentence, parole, discharge from parole and termination of sentence. . . . Therefore, I now request adequate notice of my subpoena rights and procedures prior to the scheduled formal conference." *Id*. Plaintiff also requested to review his files prior to the April 21, 2008 conference. *Id*.

In a letter dated April 14, 2008, SSA responded to plaintiff's April 8, 2008 letter. *Id*. Ex. D. SSA informed plaintiff that it had scheduled an appointment for plaintiff to review his folder on April 21, 2008, and rescheduled the formal conference to April 28, 2008. *Id*. With regard to plaintiff's request for a subpoena, SSA informed plaintiff:

> In addition, you requested a subpoena be issued to the Oregon Board of Parole. We have evaluated your request that the Social Security Administration (SSA) issue a subpoena to the Oregon Board of Parole for information on your outstanding felony warrant. We find it does not meet SSA's requirements for the issuance of a subpoena. You may contact the Oregon Board of Parole to obtain necessary information pertaining to this warrant. The Board of Parole will release warrant information to the person charged with an offense, or to his/her representative, without a subpoena.

*Id*.

3

1   On April 28, 2008, plaintiff submitted a "Statement of Claimant or Other Person." *Id*. Ex. E.
2   In that statement, plaintiff stated that on April 21, 2008, he and his then-attorney came to the SSA office
3   for the scheduled appointment. Plaintiff stated that he never received SSA's April 14, 2008 letter,
4   although his attorney had received that letter and that the address on the April 14, 2008 letter was
5   correct. *Id*. Plaintiff also stated that his attorney "also obtained a copy of the State of Oregon Board
6   of Parole/Post-Prison Supervision Warrant Authorization/Suspension Order with an effective date of
7   08/29/2007 signed by the Chairperson, Board of Parole." *Id*. Plaintiff requested that the formal
8   conference be rescheduled since he had not received SSA's April 14, 2008 letter. *Id*. Plaintiff sent a
9   a letter dated April 27, 2008, with similar content, and also stating that SSA had provided a "legally
10  inadequate" reason for denying plaintiff's request for a subpoena, and also stating that SSA's
11  determination that plaintiff was not eligible for benefits "is not an appropriate finding under applicable
12  law." *Id*. Ex. F.

13  By letter dated May 8, 2008, SSA informed plaintiff that "[y]ou have not provided our office
14  with any additional information during the formal conference. We cannot grant good cause for not
15  satisfying the outstanding warrant beginning 08/29/2007 because your criminal charges were not
16  dismissed." *Id*. Ex. G. The letter informed plaintiff of his right to appeal the decision, and provided
17  information about SSI and outstanding arrest warrants. *Id*. Plaintiff's July 11, 2008 filing states that
18  on June 26, 2008, he "appealed" the SSA's May 8, 2008 determination to the ALJ.

19  Plaintiff has submitted several additional documents. The first is a letter from plaintiff dated
20  May 5, 2008 to the Oregon Board of Parole and Post-Prison Supervision, requesting that the Board
21  withdraw the warrant for plaintiff's arrest. *Id*. Ex. H. The second is a letter dated May 12, 2008 from
22  SSA informing plaintiff that he no longer qualifies for the "Ticket to Work" program because he was
23  no longer eligible for SSI benefits. *Id*. Ex. I. Plaintiff has also submitted several letters from SSA
24  informing plaintiff that SSA paid him $4,770.00 too much in SSI money between January 1, 2008 and
25  May 1, 2008, and seeking repayment. *Id*, Ex. J, K. Finally, plaintiff has submitted a letter dated June
26  3, 2008 from the Tenderloin Housing Clinic stating that plaintiff is a client of the Modified Payment
27  Program of the Tenderloin Housing Clinic, and that plaintiff is currently late with his rental payments.
28  *Id*. L.

## DISCUSSION

Defendant moves to dismiss this case for lack of jurisdiction because plaintiff has not exhausted his administrative remedies. Plaintiff alleges defendant violated his due process rights by failing to provide adequate notice of charges and denying plaintiff a pre-deprivation hearing. Plaintiff argues that the Court should waive the exhaustion requirement because this lawsuit is separate from his claim for benefits, denial of relief will cause irreparable harm, and exhaustion of administrative remedies would be futile.

This Court has jurisdiction over cases arising under the Social Security Act pursuant to 42 U.S.C. §§ 405(g) & (h). Under § 405(g), an individual may file a civil action "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). Section 405(h) provides that § 405(g) is the sole avenue for judicial review under the Social Security Act. *See* 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as herein provided"). The Social Security Act itself does not define "final decision," and the Supreme Court has held that the term should be defined by the applicable regulations. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The Social Security regulations provide an administrative appeals process involving (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. 20 C.F.R. § 404.900(a)(1)-(4). The regulations also state: "[w]hen you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." *Id.* at § 404.900(a)(5). Thus, a plaintiff must generally exhaust these administrative remedies prior to filing a claim in court. However, a court may waive exhaustion when the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir.1989)).

Plaintiff's claim may be viewed as collateral if plaintiff challenges neither the status of his

5

benefits nor his outstanding warrant for a parole violation. *Cf. Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (waiver appropriate where claim is entirely collateral to substantive claim of entitlement); *Johnson*, 2 F.3d at 921-22 (challenge to established SSA policy of treating all in-kind loans as income was collateral to claim for benefits, exhaustion could be waived with respect to the claim); *see also Linden v. Social Sec. Admin.*, 2006 WL 2169177, *4 (E.D. Cal. Aug. 1, 2006). On the other hand, if plaintiff's claim is, "at bottom," one for payment of benefits, it is non-collateral. *Heckler v. Ringer*, 466 U.S. 602, 614 (1984).

Here, plaintiff alleges that SSA violated his due process rights by failing to provide him with a pretermination hearing. Notwithstanding plaintiff's characterization of his claim, it is "inextricably intertwined" with his claim for benefits because his lawsuit is essentially one for payment of SSI benefits. The relief plaintiff seeks is immediate and continued payment of his benefits, and relatedly a finding that he is eligible for SSI benefits. Thus, plaintiff does not meet the collaterality prong for waiver of exhaustion.

The Court also finds that plaintiff has not established futility. Plaintiff asserts that it would be futile to pursue further administrative remedies because SSA failed to provide adequate notice and a pre-deprivation hearing. To the contrary, the record demonstrates that plaintiff has been afforded numerous opportunities to present his case and establish his eligibility for benefits. To the extent plaintiff complains that SSA would not issue a subpoena to the Oregon Board of Parole, plaintiff does not cite any legal authority requiring SSA to take such action. Moreover, as plaintiff's April 28, 2008 "Statement of Claimant or Other Person" acknowledged, plaintiff's then-attorney received a copy of warrant, and SSA informed plaintiff that he or his representative could obtain materials related to the warrant without a subpoena. If plaintiff contends that SSA has erred, he may pursue his administrative remedies.

The Court finds, therefore, that plaintiff has not met the criteria for waiving the exhaustion, and GRANTS defendant's motion to dismiss. The motion is granted without prejudice to plaintiff refiling a lawsuit challenging a final decision after he has pursued his administrative remedies.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction. (Docket No. 9). The Court DENIES plaintiff's motions for a temporary restraining order and enlargement of time as moot. (Docket No. 5, 14, 24, 30). The Court also DENIES plaintiff's motion for reconsideration of the Court's January 16, 2008 order. (Docket No. 35). Plaintiff alternatively requested that he be granted leave to proceed *in forma pauperis* on appeal. The Court DENIES plaintiff's request, finding that any appeal is not taken in good faith because, as explained in this order, the Court lacks jurisdiction over plaintiff's claim due to plaintiff's failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated: July 22, 2008

SUSAN ILLSTON
United States District Judge

7